### HERNDON *vs*. THE STATE OF GEORGIA.

Newly discovered evidence, the only purpose of which is to impeach the principal witness for the state in a criminal prosecution, is not alone sufficient to require this court to overrule the discretion of the presiding judge in refusing a new trial.

(*a*.) In such cases, it would seem to be the safer course to sustain the newly discovered witness by the affidavits of persons who know his character, and who would testify to his uprightness. 68 *Ga.*, 612.

(*b*.) There is nothing in this record which would justify an interference with the verdict.

Judgment affirmed.

January 26, 1886.

HALL, Justice.

### RANDLE *vs*. STONE & COMPANY, for use.

Where, at the term when a case was tried, the losing party made a motion for a new trial, which was approved by the court, subject to future revision, and ordered to be spread upon the minutes, and the rule *nisi* was made returnable to the next term, and where there was not sufficient time during the term to make out and file a brief of the oral and copy of the written testimony, and the court granted an order that defendant have thirty days after the adjournment to file a brief of evidence, "subject to the approval of the court and revision of counsel," this did not require the approval of the brief before it was filed, and if it was filed within the time prescribed, it was error, on the call of the motion, to dismiss it because the brief of evidence had not been approved.

Judgment reversed.